Justice Breyer
delivered the opinion of the Court.
The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or Act) requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year. 28 U. S. C. § 2244(d)(1)(A). The Act tolls this 1-year limitations period for the “time during which a properly filed application for State post-conviction or other collateral review ... is pending.” § 2244(d)(2). The time that an application for state postconviction review is “pending” includes the period between (1) a lower court’s adverse determination, and (2) the prisoner’s filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. Carey v. Saffold, 536 U. S. 214 (2002).
In most States a statute sets out the number of days for filing a timely notice of appeal, typically a matter of a few *192 days. See id., at 219. California, however, has a special system governing appeals when prisoners seek relief on collateral review. Under that system, the equivalent of a notice of appeal is timely if filed within a “reasonable time.” In re Harris, 5 Cal. 4th 813, 828, n. 7, 855 P. 2d 391, 398, n. 7 (1993); see also Saffold, supra, at 221.
In this case, the Ninth Circuit found timely a California prisoner’s request for appellate review made three years after the lower state court ruled against him. Chavis v. LeMarque, 382 F. 3d 921 (2004). We conclude that the Circuit departed from our interpretation of the Act as applied to California’s system, Carey v. Saffold, supra, and we therefore reverse its judgment.
I
We begin with our holding in Carey v. Saffold. In that case we addressed three questions.
A
We initially considered the question just mentioned: For purposes of tolling AEDPA’s 1-year limitations period, is a state habeas application “pending” during the interval between (1) the time a lower state court reaches an adverse decision, and (2) the day the prisoner timely files an appeal? We answered this question “yes.” 536 U. S., at 219-221. If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit.
B
We then pointed out that in most States a prisoner who seeks review of an adverse lower court decision must file a notice of appeal in a higher court, and the timeliness of that notice of appeal is measured in terms of a determinate time period, such as 30 or 60 days. Id., at 219. As we explained, however, California has a different rule. In California, a state prisoner may seek review of an adverse lower court *193 decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a “reasonable time.” Id., at 221. We asked whether this distinction made a difference for AEDPA tolling purposes. We answered that question “no.” Id., at 222-223. California’s system is sufficiently analogous to appellate review systems in other States to treat it similarly. See id., at 222 (“The upshot is that California’s collateral review process functions very much like that of other States, but for the fact that its timeliness rule is indeterminate”). As long as the prisoner filed a petition for appellate review within a “reasonable time,” he could count as “pending” (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court. Id., at 222-223. We added, “The fact that California’s timeliness standard is general rather than precise may make it more difficult for federal courts to determine just when a review application (i. e., a filing in a higher court) comes too late.” Id., at 223. Nonetheless, the federal courts must undertake that task.
C
We considered finally whether the state habeas petition at issue in the case had itself been timely filed. Saffold had filed that petition (a petition for review by the California Supreme Court) not within 30 or even 60 days after the lower court (the California Court of Appeal) had reached its adverse decision, but, rather, 4½months later. The filing was not obviously late, however, because the delay might have been due to excusable neglect — Saffold said he had taken 4½ months because he had not received timely notice of the adverse lower court decision. Id., at 226.
We sent the case back to the Ninth Circuit to decide whether the prisoner had filed his California Supreme Court petition within a “reasonable time,” thus making the filing timely under California law. We also set forth several legal *194 propositions that set the boundaries within which the Ninth Circuit must answer this question.
First, we pointed out that if “the California Supreme Court had clearly ruled that Saffold’s 4½-month delay was ‘unreasonable,’ that would be the end of the matter.” Ibid.
Second, we noted that the California Supreme Court order denying Saffold’s petition had stated that the denial was “ ‘on the merits and for lack of diligence.’ ” Id., at 225. But, we added, these words alone did not decide the question. Id., at 225-226.
Third, we stated that the words “lack of diligence” did not prove that the California Supreme Court thought the petition was untimely. That is because those words might have referred to a totally different, earlier delay that was “irrelevant” to the timeliness of Saffold’s California Supreme Court petition. Id., at 226.
Fourth, we stated that the words “on the merits” did not prove that the California Supreme Court thought the petition was timely. That is because the California Supreme Court might have decided to address the merits of the petition even if the petition had been untimely. A “court,” we said,
“will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief.” Id., at 225-226.
We ultimately concluded that the Ninth Circuit must not take “such words” (i. e., the words “on the merits”) as “an absolute bellwether” on the timeliness question. Id., at 226 (emphasis added). We pointed out that the Circuit’s contrary approach (i. e., an approach that presumed that an *195 order denying a petition “on the merits” meant that the petition was timely) would lead to the tolling of AEDPA’s limitations period in circumstances where the law does not permit tolling. Ibid. And we gave as an example of the incorrect approach a case in which the Ninth Circuit had found timely a petition for review filed four years after the lower court reached its decision. Ibid, (citing Welch v. Newland, 267 F. 3d 1013 (CA9 2001)).
II
We turn now to the present case. Respondent Reginald Chavis, a California state prisoner, filed a state habeas corpus petition on May 14, 1993. The trial court denied the petition. He sought review in the California Court of Appeal, which also held against him. The Court of Appeal released its decision on September 29, 1994. Chavis then waited more than three years, until November 5,1997, before filing a petition for review in the California Supreme Court. On April 29,1998, the California Supreme Court denied the petition in an order stating simply, “Petition for writ of ha-beas corpus [i. e., review in the California Supreme Court] is DENIED.” App. G to Pet. for Cert. 1.
Subsequently, on August 30,2000 (after bringing a second round of state habeas petitions), Chavis filed a federal habeas petition. The State asked the federal court to dismiss the petition on the ground that it was untimely. After all, AEDPA gives prisoners only one year to file their federal petitions, and Chavis had filed his federal petition more than four years after AEDPA became effective. Still, AEDPA also provides for tolling, adding to the one year those days during which an application for state collateral review is “pending.” And the federal courts consequently had to calculate how many days Chavis’ state collateral review applications had been “pending” in the state courts and add those days to the 1-year limitations period.
Ultimately, after the ease reached the Ninth Circuit, that court concluded that the timeliness of the federal petition *196 turned upon whether the “pending” period included the 3-year period between (1) the time a lower state court, the California Court of Appeal, issued its opinion (September 29, 1994), and (2) the time Chavis sought review in a higher state court, the California Supreme Court (on November 5, 1997). The Ninth Circuit held that the state collateral review application was “pending” during this time; hence, it should add those three years to the federal 1-year limitations period, and the addition of those three years, along with various other additions, rendered the federal filing timely.
The Ninth Circuit’s reasoning as to why it should add the three years consists of the following:
“Under our decision in Saffold, because Chavis’s November 1997 habeas petition to the California Supreme Court was denied on the merits, it was pending during the interval between the Court of Appeal decision and the Supreme Court petition and he is entitled to tolling. See [Saffold v. Carey, 312 F. 3d 1031, 1034-1036 (2002)]. When the California Supreme Court denies a habeas petition without comment or citation, we have long treated the denial as a decision on the merits. Hunter v. Aispuro, 982 F. 2d 344, 348 (9th Cir. 1992). Therefore, the California Supreme Court’s summary denial was on the merits, and the petition was not dismissed as untimely. See id.; see also Delhomme v. Ramirez, 340 F. 3d 817, 819, 820 n. 2 (9th Cir. 2003) (noting that there was no indication that a state habeas petition was untimely where the California Supreme Court denied the petition without comment or citation). As a result, Chavis is entitled to tolling during [the relevant period].” 382 F. 3d, at 926 (emphasis added).
California sought certiorari on the ground that the Ninth Circuit’s decision was inconsistent with our holding in Saf-fold. We granted the writ.
*197 III
A
California argues that the Ninth Circuit’s decision in this case is inconsistent with our decision in Saffold. Like California, we do not see how it is possible to reconcile the two cases.
In Saffold, we held that (1) only a timely appeal tolls AEDPA’s 1-year limitations period for the time between the lower court’s adverse decision and the filing of a notice of appeal in the higher court; (2) in California, “unreasonable” delays are not timely; and (3) (most pertinently) a California Supreme Court order denying a petition “on the merits” does not automatically indicate that the petition was timely filed. In addition, we referred to a Ninth Circuit case holding that a 4-year delay was reasonable as an example of what the law forbids the Ninth Circuit to do.
Nonetheless, the Ninth Circuit in this case said in effect that the California Supreme Court’s denial of a petition “on the merits” did automatically mean that the petition was timely (and thus that a 3-year delay was reasonable). More than that, it treated an order from the California Supreme Court that was silent on the grounds for the court’s decision as if it were equivalent to an order in which the words “on the merits” appeared. 382 F. 3d, at 926. If the appearance of the words “on the merits” does not automatically warrant a holding that the filing was timely, the absence of those words could not automatically warrant a holding that the filing was timely. After all, the fact that the California Supreme Court did not include the words “on the merits” in its order denying Chavis relief makes, it less likely, not more likely, that the California Supreme Court believed that Chavis’ 3-year delay was reasonable. Thus, the Ninth Circuit’s presumption (“that an order decided entirely on the merits indicates that the state court did not find the petition *198 to be untimely,” post, at 205 (STEVENS, J., concurring in judgment)) is not consistent with Saffold. See supra, at 194.
Neither do the cases cited by the Ninth Circuit provide it with the necessary legal support. The Circuit’s opinion in Saffold (written on remand from this Court) said nothing about the significance of the words “on the merits.” Saffold v. Carey, 312 F. 3d 1031 (2002). Hunter v. Aispuro, 982 F. 2d 344 (CA9 1992), predated AEBPA, not to mention our decision in Saffold, and in any event concerned an entirely different issue of federal habeas corpus law. Delhomme v. Ramirez, 340 F. 3d 817 (CA9 2003), addressed the timeliness issue in one sentence in a footnote, id., at 820, n. 2, and did not discuss at any length our opinion in Saffold, which must control the result here.
In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term “reasonable time” in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. That is to say, without using a merits determination as an “absolute bellwether” (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a “reasonable time.” See supra, at 193. This is what we believe we asked the Circuit to do in Saffold. This is what we believe it should have done.
B
The discrepancy between the Ninth Circuit’s view of the matter and ours may reflect an administrative problem. The Ninth Circuit each year must hear several hundred petitions by California prisoners seeking federal habeas relief. *199 Some of these cases will involve filing delays, and some of those delays will require the federal courts to determine whether a petition for appellate review in a related state collateral proceeding was timely. Given the uncertain scope of California’s “reasonable time” standard, it may not be easy for the Circuit to decide in each such case whether the prisoner’s state-court review petition was timely. And it is consequently not surprising that the Circuit has tried to create rules of thumb that look to the label the California Supreme Court applied to the denial order, even where that label does not refer to timeliness. For the reasons we gave in Saffold, however, we do not believe these shortcuts remain true, either to California’s timeliness rule or to Congress’ intent in AEDPA to toll the 1-year limitations period only when the state collateral review proceeding is “pending.” 536 U. S., at 220-221, 225-226.
The California courts themselves might alleviate the problem by clarifying the scope of the words “reasonable time” in this context or by indicating, when denying a petition, whether the filing was timely. And the Ninth Circuit might seek guidance on the matter by certifying a question to the California Supreme Court in an appropriate case. Id., at 226-227. Alternatively, the California Legislature might itself decide to impose more determinate time limits, conforming California law in this respect with the law of most other States. Indeed, either state body might adopt a state-law presumption of the kind the concurrence here suggests. See post, at 209. In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision on the assumption that California law in this respect did not *200 differ significantly from the laws of other States, i. e., that California’s “reasonable time” standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. 536 U. S., at 222-223. California, of course, remains free to tell us if, in this respect, we were wrong.
IV
As we have pointed out, supra, at 195, Chavis had one year from the date AEDPA became effective (April 24, 1996) to file a federal habeas petition. Chavis did not actually file his petition in federal district court until August 30, 2000, four years and 128 days after AEDPA’s effective date. Hence Chavis’ federal petition was timely only if “a properly filed application for State post-conviction or other collateral review [was] pending” for at least three years and 128 days of this time. 28 U. S. C. § 2244(d)(2). Under the Ninth Circuit’s reasoning Chavis’ state collateral review proceedings were “pending” for three years and 130 days, which period (when added to the 1-year federal limitations period) makes the federal petition timely.
As we have explained, however, we find the Ninth Circuit’s reasoning in conflict with our Saffold holding. And, after examining the record, we are convinced that the iaw does not permit a holding that Chavis’ federal habeas petition was timely. Chavis filed his state petition for habeas review in the California Supreme Court approximately three years and one month after the California Court of Appeal released its decision denying him relief. Chavis tries to explain this long delay by arguing that he could not use the prison library to work on his petition during this time either because (1) his prison job’s hours coincided with those of the library, or (2) prison lockdowns confined him to his cell. And, he adds, his inability to use the library excuses the three year and one month delay — to the point where, despite the delay, he filed his petition for California Supreme Court review within a “reasonable time.”
*201 Chavis concedes, however, that in March 1996, App. 38, about a year and a half after the California Court of Appeal denied his habeas petition, he was given a new prison job. He nowhere denies California’s assertion, id., at 68, that this new job’s working hours permitted him to use the library. And he also concedes that the prison “remained relatively lockdown free” between February 1997 and August 1997, id., at 39, a 6-month period. Thus, viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months.
Six months is far longer than the “short period[s] of time,” 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Saffold, supra, at 219. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal. App. Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay “reasonable.” Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word “pending” as interpreted in Saffold. See 536 U. S., at 222-223. Thus, since Chavis needs all but two days of the lengthy (three year and one month) delay to survive the federal 1-year habeas filing period, see 382 F. 3d, at 927, he cannot succeed.
The concurrence reaches the same ultimate conclusion in a different way. Unlike the Ninth Circuit, it would not count in Chavis’ favor certain days during which Chavis was pursuing a second round of state collateral review efforts. See post, at 210. Because, as the Ninth Circuit pointed out, the parties did not argue this particular matter below, 382 F. 3d, at 925, n. 3, we. do not consider it here.
For these reasons, the judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.