Ahmad J. HASAN, Petitioner—Appellant,

v.

George M. GALAZA, Warden, Respondent—Appellee.

No. 04–17146.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Feb. 1, 2006.

Jolie S. Lipsig, Esq., Sacramento, CA, for Petitioner—Appellant.

Dane R. Gillette, Esq., Glenn R. Pruden, Esq., Nancy H. Tung, San Francisco, CA, for Respondent—Appellee.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM *

Hasan appeals from the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction and sentence for attempted murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

▮ Hasan argues that the admission of the victim's (Fontenot's) pretrial identification violated Hasan's due process rights. The California Court of Appeal agreed that the testimony was improperly admitted, but held the error to be harmless.

A habeas petitioner is only entitled to relief if a trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Here, other witnesses identified Hasan. The prosecutor spent little time discussing Fontenot's identification during closing argument. For the reasons stated by the district court, we hold that the state court's finding of harmless error was not "contrary to, or involved an unreasonable application of, clearly established Federal law...." 28 U.S.C. § 2254(d)(1).

## II.

▮ The state court also determined that Hasan's Confrontation Clause rights were not violated by Hasan's inability to question Fontenot about the identification due to his lack of memory. The Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam) (emphasis in original). This opportunity "is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief." *United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). As the district court held, the state court's determination was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

## III.

▮ Two issues involve Willie Mae Bernard while she was in the ambulance. Hasan argues that the prosecution presented misleading testimony with regards to Fontenot's identification in that Officer Trujillo should have mentioned that Bernard was in the ambulance. Hasan fails to show how Trujillo's testimony was false or misleading at all. Additionally, defense counsel was, or should have been, fully aware of Bernard's presence and did not cross-examine Trujillo about it. *Compare Banks v. Dretke*, 540 U.S. 668, 677–78, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004) (finding constitutional violation where two witnesses lied about their contact with police before trial, prosecutor did not correct testimony, and defense counsel was unaware).

▮ Hasan further alleges that potentially favorable evidence, in the form of a possible statement by Bernard, was withheld from him. However, he has failed to show that any such statement was either favorable to him or relevant to the determination of his guilt, or that he suffered prejudice. Bernard did not testify at trial. Nor did the prosecution refer to any additional statement by Bernard in any way. The failure to give Bernard's statement, if it existed, to Hasan does not "undermine confidence in the outcome" of his trial. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). *Compare Kyles v. Whitley*, 514 U.S. 419, 454, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (granting habeas petition where evidence hidden by police would have allowed jury to find eyewitness inconsistencies, unreliable witnesses, and weak investigation).

The state court properly applied federal law in each instance.

## IV.

Hasan argues that his trial counsel failed to provide effective assistance. Ha-

san raised this argument for the first time in his state habeas petition, which the California Supreme Court denied without opinion. Because Hasan's notice of appeal to the California Supreme Court was filed within a "reasonable time," we may assume that the California Supreme Court denied his claims on the merits rather than on procedural grounds. *See Evans v. Chavis,* —— U.S. ——, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

 Hasan's first contention is that his counsel should have impeached Trujillo's testimony through use of a tape recording, Trujillo's police report, and any additional information received from Bernard. However, Trujillo did not testify about Fontenot's identification of Hasan as the shooter. Hasan's suggestion to ask about the tape, etc. would probably have opened the door to testimony that both Fontenot and Bernard identified Hasan as the shooter. "[T]he Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Roe v. Flores–Ortega,* 528 U.S. 470, 479, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (citation omitted).

Next, Hasan contends that his counsel should have dealt with the identification testimony differently. However, his counsel cross-examined Lucy Rodriguez at length and attempted to impeach her reliability in multiple ways. Counsel's failure to inquire whether Williamson had "heard on the street" that Hasan had shot Fontenot was also reasonable. Further inquiry into the general community's belief as to Hasan's guilt could have reinforced the weight of Williamson's testimony. The failure to impeach McCormick may have been questionable, but this single possible error does not render counsel's representation ineffective. Finally, any decision regarding counsel's concession that Gastile might be biased in favor of Hasan was not

objectively unreasonable. "[C]ounsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in a useless charade." *Florida v. Nixon,* 543 U.S. 175, 192, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (quotation marks and citation omitted).

Third, Hasan argues that his counsel failed to investigate the allegations of jury tampering. To prevail on an ineffective assistance of counsel claim, Hasan must prove both seriously deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming, without deciding, that Hasan's counsel was seriously deficient in failing to investigate the allegations properly, Hasan has failed to demonstrate prejudice and has not asked for an evidentiary hearing to do so.

AFFIRMED.