**Robert Anthony WINTERS, Petitioner—Appellant,**

v.

**Anthony LAMARQUE, Warden, Respondent—Appellee.**

No. 01–16950.

D.C. No. CV–00–05474–LJO.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2005.*

Submission deferred Aug. 15, 2005.

Resubmitted March 16, 2006.

Decided March 16, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

187

Robert Anthony Winters, Soledad, CA, for Petitioner–Appellant.

Janis Shank McLean, Federal Public Defender's Office, Sacramento, CA, for Respondent–Appellee.

Before REAVLEY,** T.G. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Robert Anthony Winters appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. He argues that the court erred when it concluded that he was not entitled to statutory or equitable tolling. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Winters filed his federal petition a little less than three years after the limitations period expired on April 24, 1997.[1] Eight months of that period, during which California courts were considering filed pe-

titions, must be excluded.[2] Doing so leaves approximately two years and three months for which Winters must account. He cannot do so adequately.

■ Winters clearly knew of the factual predicate of his claims in 1995, when he presented his first petition to the state courts. He presented no new claims after his discovery of reports pertaining to his medical and psychological conditions—he merely presented additional evidence. Thus, his argument for statutory tolling under 28 U.S.C. § 2244(d)(1)(D) fails.

■ Winters' more than two-year delay in filing his claims with the California Supreme Court was too long to consider the claims "pending" under 28 U.S.C. § 2244(d)(2).[3] Thus, Winters' second argument for statutory tolling fails.

We need not address Winters' argument for equitable tolling because, even if it were successful, it would not account for a sufficient amount of time.[4]

AFFIRMED.

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001) (explaining that, for prisoners convicted prior to the enactment of 28 U.S.C. § 2244(d), the limitations period pre-

scribed by the statute began to run on April 24, 1996 and therefore expired on April 24, 1997).

2. See 28 U.S.C. § 2244(d)(2) (excluding periods during which a petitioner's claims are pending before the state courts).

3. See Evans v. Chavis, —— U.S. ——, 126 S.Ct. 846, 854, 163 L.Ed.2d 684 (2006).

4. See id.