**Francisco HERNANDEZ, Petitioner–Appellant,**

v.

**Darrel G. ADAMS, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 05–15496.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2006.*

Filed June 15, 2006.

Francisco Hernandez, Corcoran, CA, pro se.

Lloyd Carter, DAG, Office of the California Attorney General, Fresno, CA, for Respondents–Appellees.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

MEMORANDUM **

Francisco Hernandez appeals the district court's dismissal of his petition for a writ of habeas corpus.

I

Under AEDPA, the one-year limitations period is tolled for the "time during which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

time that an application for state post-conviction review is "pending" includes the period between the California Court of Appeal's adverse post-conviction determination and the prisoner's filing of a post-conviction petition in the California Supreme Court *only if* the California Supreme Court petition is timely under state law. *Evans v. Chavis*, —— U.S. ——, 126 S.Ct. 846, 849, 163 L.Ed.2d 684 (2006). California considers such petitions timely filed if they are filed within a "reasonable time." *Id.*

Where, as here, the California Supreme Court summarily denies the petition without comment or citation, we "must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* at 852.

Because Hernandez filed his petition in the California Supreme Court thirty-five months after the Court of Appeal issued its adverse decision, we conclude that Hernandez's petition was not filed within a "reasonable time" under California law. *See id.* (holding that a six-month delay is not reasonable); *Gaston v. Palmer*, No. 447 F.3d 1165, 1166–67 (9th Cir.2006) (holding that delays of 10, 15, and 18 months are not reasonable). Accordingly, Hernandez is not eligible for tolling of AEDPA's statute of limitations during this thirty-five month period. Because tolling for this period is not available, the district court properly determined that Hernandez's petition is barred by AEDPA's one-year statute of limitations.

## II

Hernandez's request that we certify to the California Supreme Court the question of whether his state habeas petition was

timely under California law is denied. *See Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir.2003).

## III

Hernandez's argument that *Evans v. Chavis* should not be applied retroactively is foreclosed by *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

## IV

The district court properly concluded that Hernandez has not demonstrated the diligence and extraordinary circumstances required to be entitled to equitable tolling. *See Shannon v. Newland*, 410 F.3d 1083, 1089–90 (9th Cir.2005).

**AFFIRMED.**