Earl Lee **WALKER**, Petitioner—Appellant,

v.

Ernest C. **ROE**, Warden, Respondent—Appellee.

No. 02–16386.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Submission withdrawn April 25, 2005.

Resubmitted July 10, 2006.

Filed July 10, 2006.

Earl Lee Walker, Lancaster, CA, pro se.

Arnold O. Overoye, Esq., Attorney General's Office, Sacramento, CA, for Respondent—Appellee.

\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Before: O'SCANNLAIN, COWEN,\* and BEA, Circuit Judges.

MEMORANDUM \*\*

California state prisoner Earl Lee Walker ("Walker") appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 2253. We review *de novo* the district court's dismissal of Walker's habeas petition, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Walker challenges his 1998 conviction for first-degree burglary and possession of cocaine, which conviction became final on July 14, 1998. Absent tolling, under 28 U.S.C. § 2244(d)(1)(A) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), West had until July 13, 1999 to file his § 2254 petition. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir. 1997), *overruled in part on other grounds, Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc). Even granting Walker statutory tolling through the California Court of Appeal's denial of his third habeas petition on November 25, 1998, the statute of limitations would have expired November 25, 1999. Alternatively, granting Walker 77 days of tolling for the time his application for permission to file a notice of appeal was before the Court of Appeal, the statute of limitations would have expired February 10, 2000.[1] In any event, Walker did

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Walker's application for permission to file a notice of appeal may have triggered a new round of "post-conviction" review under 28

612 

not file his next habeas petition until October 24, 2000. The almost two year delay between the denial of Walker's third petition and the filing of his fourth cannot be tolled consistently with *Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). *See Gaston v. Palmer,* 417 F.3d 1030 (9th Cir.2005) (as amended).

██ The AEDPA limitations period may be subject to equitable tolling where " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Beeler),* 128 F.3d at 1288. However, "equitable tolling is unavailable in most cases." *Miles,* 187 F.3d at 1107. Here, there is neither pleading nor proof of any mental incompetency that impaired petitioner from filing his federal habeas corpus petition so that equitable tolling would extend the filing period to October 2001. Walker has failed to establish that equitable tolling of the statute of limitations was warranted in his case. Thus, the district court properly dismissed his § 2254 petition as untimely.

**AFFIRMED.**

U.S.C. § 2244(d)(2), but it may not, in any event, count as part of his first full round of state *collateral* review because it is not part of the collateral review process at all.

