**Refugio Garcia REYES, Petitioner–Appellant,**

v.

**Gail LEWIS, Deputy Warden, Respondent–Appellee.**

No. 02–57087.

United States Court of Appeals, Ninth Circuit.

Argued June 6, 2005.

Withdrawn from Submission June 8, 2005.

Resubmitted Aug. 1, 2006.

Decided Aug. 1, 2006.

As Amended on Denial of Rehearing Oct. 2, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Refugio Garcia Reyes, Coalinga, CA, pro se.

Mary E. Sanchez, Esq., Office of the Attorney General, Los Angeles, CA, for Respondent-Appellee.

Before: B. FLETCHER, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

We heard argument in this case and withdrew submission pending the Supreme Court's resolution of *Evans v. Chavis,* — U.S. ——, 126 S.Ct. 846, 163 L.Ed.2d 684

(2006). We now resubmit and affirm the district court's dismissal of Reyes' petition for a writ of habeas corpus as untimely. As the facts are known to the parties, we do not repeat them here.

For Reyes to prevail in his petition for habeas relief, we must adopt both his theory of when his conviction became "final," triggering the federal habeas statute of limitations under 28 U.S.C. § 2244(d)(1)(A), and his calculation of when his state habeas petition was "pending" in order to entitle him to tolling of the federal statute of limitations under § 2244(d)(2). We agree with Reyes on the first point, but, following the Supreme Court's recent decision in *Evans v. Chavis,* we disagree with Reyes as to the second. Therefore, we affirm the district court's denial of his habeas petition.

## I.

Reyes conviction did not become final until March 2, 1999. To reach this conclusion we simply apply *United States v. Colvin,* 204 F.3d 1221 (9th Cir.2000), in which we established a bright-line rule of finality for the purpose of the federal habeas statute of limitations. We held that "a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence." *Id.* at 1224. The trial court's decision following the California Court of Appeal's initial remand was subject to appeal. As a result, Reyes' judgment of conviction did not become final until 90 days after the California Supreme Court denied review of the California Court of Appeal's affirmance of the trial court's decision on remand, on December 2, 1998. Ninety days later, March 2, 1999, the judgment became final for purposes of 28 U.S.C. § 2244(d)(1)(A). He then timely

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

filed a state habeas petition with the California Superior Court on December 29, 1999; that petition was denied on February 2, 2000.

## II.

The one-year federal habeas statute of limitations tolls while a petitioner exhausts state remedies: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" during a full-round of review in the state courts. This includes the time between a lower court decision and filing a new petition in a higher court as long as these intervals are "reasonable." *Carey v. Saffold,* 536 U.S. 214, 222–224, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

In reviewing habeas petitions with their origins in California, we used to employ a rule of thumb that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was "pending." In *Evans v. Chavis,* the Supreme Court rejected this approach and now requires us to determine whether a State habeas petition was filed within a reasonable period of time. 126 S.Ct. at 852 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.' "). *Chavis* did make provision for a petitioner to explain or justify a long delay. *Id.* at 854. We are not persuaded that the California state courts, had they been present-

ed with Reyes' denial-of-access claims, would have found his habeas petitions to be timely. Notably, although Reyes refers to lockdowns occurring frequently, the only prison lockdown that Reyes cites to specifically took place outside the February 2000 to June 2001 period, and there is no indication that Reyes' prison job or lack of PLU status particularly constrained his access to legal materials during those sixteen months. As a result, he fails to provide adequate explanation of this extended gap. Following the Supreme Court's guidance in *Chavis* and our court's application of that case in *Gaston v. Palmer,* 447 F.3d 1165 (9th Cir.2006), we find the time gap unreasonable and affirm the district court's denial of Reyes' habeas petition.

AFFIRMED.