**Edwin CHAVEZ, Petitioner–Appellant,**

v.

**J.W. FAIRMAN, Warden, Respondent–Appellee.**

No. 01–56662.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Sylvia Biaz, San Diego, CA, for Petitioner–Appellant.

Holly D. Wilkens, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner Edwin Chavez appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Chavez contends that he is entitled to statutory tolling during the time period from when he filed his first state petition for writ of mandate until the time the California Supreme Court denied his petition for habeas corpus. Because the almost two-year delay between the denial of his petition for writ of mandate and the filing of his habeas petition in superior court was not reasonable, we conclude that he is not entitled to statutory tolling for this period. *See Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 854, 163 L.Ed.2d 684 (2006) (six month delay unreasonable).

Chavez contends that he is entitled to equitable tolling of the statute of limitations because 1) he was denied access to his legal materials and law library resources, and 2) because the state denied his request for transcripts. Because Chavez did not raise the issue of access to legal materials and a law library in district court, he is barred from raising it on appeal. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001). We need not reach the issue of equitable tolling regarding the state's delay in providing transcripts because the statute of limitations had already expired by the time Chavez first sought the transcripts. *See Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.