Kerry MARTIN, Petitioner—Appellant,

v.

Stuart RYAN, Warden, Respondent—Appellee.

No. 07–55399.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed Aug. 5, 2008.

R.App. P. 34(a)(2).

458

David H. Goodwin, Esq., Los Angeles, CA, for Petitioner–Appellant.

Gil P. Gonzalez, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Martin's conviction became final November 27, 2001, so he had one year from that date to file this federal habeas petition, *see* 28 U.S.C. § 2244(d)(1)(A), unless statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling applied. Martin waited approximately eight months after his conviction was final before hiring a lawyer to seek post-conviction relief. The lawyer took four months to prepare the petition (not an unreasonable time for such a matter) and filed Martin's first state habeas petition on November 27, 2002, the final day of the federal limitations period. Martin unsuccessfully pursued state habeas relief, switching attorney's along the way because his first one turned out to be unreliable and uncommunicative. The California Supreme Court ultimately denied Martin's petition for review on July 13, 2005, and his second attorney filed this federal petition for habeas corpus the next day, on July 14, 2005.

Even if statutory tolling were applied during pendency of Martin's petition in the California Supreme Court, a heroic assumption in the face of that court's citation to the timeliness rules in *In re Robbins,* 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (Cal.1998), *see Evans v. Chavis,* 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), Martin's federal petition was not timely filed. The second attorney's filing the federal petition the very next day following the California Supreme Court's denial is not the "egregious" misconduct required for equitable tolling. *See Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir.2003). Nor would Martin have had to file federally the very same day, but for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his eight month delay before taking action to cause his state proceeding to be filed. Even assuming that Martin's first attorney committed egregious misconduct, it does not warrant equitable tolling because it did not cause the ultimate untimeliness. *See id.* at 799, 800. The egregious misconduct occurred only after his state petition was filed. Since statutory tolling would apply during that period if the petition was properly filed, equitable tolling during that period on account of egregious misconduct would be otiose.

AFFIRMED.