**James LIMA, Petitioner—Appellant,**

v.

**M.C. KRAMER; Bill Lockyer, Attorney General of the State of California, Respondents—Appellees.**

No. 07–56533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed May 14, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

Karyn H. Bucur, Esquire, Karyn H. Bucur Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Matthew Mulford, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

James Lima appeals the district court's denial of his petition for habeas corpus as untimely filed under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Because the parties are familiar with the facts and procedural history of the case, we need not repeat them here. Lima is entitled to statutory tolling of the one-year statute of limitations while his state habeas petitions were pending before the California Superior Court (March 21, 2005–May 13, 2005) and the California Supreme Court (November 22, 2005–August 23, 2006). In addition, Lima is entitled to statutory tolling for the period between these two petitions, because his state petitions were pending during this period. *See Carey v. Saffold*, 536 U.S. 214, 222–23, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

California's unique system of collateral review (a petitioner files a new "original" petition in a higher court) means that a subsequent habeas petition in a higher state court is "pending" if it is part of the same "one full round" of review. *Id.* at 221–22, 122 S.Ct. 2134; *see also King v. Roe*, 340 F.3d 821, 823 (9th Cir.2003) (per

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

curiam). Lima's state petitions were part of the same full round of review because they alleged the same grounds of relief, and because the second petition was an attempt to "correct the deficiencies" of the first petition, *id.*, and " 'achieve final resolution through the State's post-conviction procedures,' " *id.* (quoting *Saffold*, 536 U.S. at 220, 122 S.Ct. 2134).

Moreover, we find that Lima's second petition to the California Supreme Court was filed within a "reasonable time." *See Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) (holding that if the state supreme court's disposition does not state whether the petition was timely or untimely, the federal court of appeals must make that determination itself). There was a six month delay between Lima's state petitions, but three and one half of these months are justified or explained by his lack of access to his legal files while he was in administrative segregation. *See id.* at 201, 126 S.Ct. 846. We hold that the remaining two and one half months is a reasonable time to prepare and file a habeas petition.

Accordingly, Lima is entitled to statutory tolling sufficient to render the instant federal petition filed within the one-year statute of limitations. Thus, we remand to the district court to proceed with Lima's petition on the merits. We leave to the district court the question whether any of Lima's claims are procedurally defaulted under *In re Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953).

GOULD, Circuit Judge, dissenting:

I believe that it is incorrect to view Lima's two state habeas petitions as part of "one full round" of state review, in light of the intervening federal habeas corpus petition filing and the dismissal for exhaustion. Lima did not argue on appeal to us

that his state petitions were part of one round, and I would not take that position *sua sponte*. If, as I believe, the gap between Lima's state filings is not tolled by statute, then timeliness turns on the issue of equitable tolling. As I see that issue, Lima showed insufficient diligence for equitable tolling. Accordingly, I respectfully dissent.