**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY C. RIVAS, Jr., | No. 07-56165 |
| Petitioner - Appellant, | D.C. No. CV-04-01154-J(JMA) |
| v. | |
| STUART J. RYAN, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Roy Rivas, a California state prisoner, appeals the district court's denial of
his 28 U.S.C. § 2254 habeas petition. Rivas argues he was denied a fair trial
because the jury foreman lied during voir dire. He further argues he was deprived
of a peremptory challenge because of the untruthful answers.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The California Court of Appeal did not unreasonably determine that the jury foreman, Rudy Medina, answered all questions on voir dire truthfully. *See* 28 U.S.C. § 2254(e)(1). Medina himself brought the prior relationship with Rivas' mother to the trial court's attention; the relationship had been brief and ended over twenty years before the trial. The court reasonably determined that Medina did not lie and therefore Rivas had failed to establish implied bias. *See Fields v. Brown*, 503 F.3d 755, 773 (9th Cir. 2007) (en banc). Rivas had a two day evidentiary hearing in California Superior Court to establish that Medina was biased and failed to do so. *See id.*

Rivas also claims that Medina's untruthful answers deprived him of a peremptory challenge. Because a state court's good-faith deprivation of a peremptory challenge "is not a matter of federal constitutional concern," we reject this claim as well. *Rivera v. Illinois*, 129 S. Ct. 1446, 1453 (2009).

In reaching this result, we assume proper jurisdiction. Because the petition lacks merit, we need not address the State's argument that *Evans v. Chavis*, 546 U.S. 189 (2006), renders Rivas' petition untimely.

**AFFIRMED**.

2