UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY C. RIVAS, Jr., | No. 07-56165 |
| Petitioner - Appellant, | D.C. No. CV-04-01154-J(JMA) Southern District of California, San Diego |
| v. | |
| STUART J. RYAN, | |
| Respondent - Appellee. | ORDER WITHDRAWING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING AND REHEARING EN BANC |

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

The memorandum disposition filed February 19, 2010 is withdrawn. A superseding memorandum disposition is being filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing and to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. The panel will not entertain any additional petitions for rehearing or rehearing en banc.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROY C. RIVAS, Jr.,

              Petitioner - Appellant,

      v.

STUART J. RYAN,

              Respondent - Appellee.

No. 07-56165

D.C. No. CV-04-01154-J(JMA)

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

      Roy Rivas, a California state prisoner, appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition. Rivas argues he was denied a fair trial

because the jury foreman lied during voir dire. He further argues he was deprived

of a peremptory challenge because of the untruthful answers.

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The California Court of Appeal did not unreasonably determine that the jury foreman, Rudy Medina, answered all questions on voir dire truthfully. *See* 28 U.S.C. § 2254(d)(2). Medina himself brought the prior relationship with Rivas' mother to the trial court's attention; the relationship had been brief and ended over twenty years before the trial. The court reasonably determined that Medina did not lie and therefore Rivas had failed to establish implied bias. *See Fields v. Brown*, 503 F.3d 755, 773 (9th Cir. 2007) (en banc). Rivas had a two day evidentiary hearing in California Superior Court to establish that Medina was biased and failed to do so. *See id.*

Rivas also claims that Medina's untruthful answers deprived him of a peremptory challenge. Because a state court's good-faith deprivation of a peremptory challenge "is not a matter of federal constitutional concern," we reject this claim as well. *Rivera v. Illinois*, 129 S. Ct. 1446, 1453 (2009).

In reaching this result, we assume proper jurisdiction. Because the petition lacks merit, we need not address the State's argument that *Evans v. Chavis*, 546 U.S. 189 (2006), renders Rivas' petition untimely.

**AFFIRMED**.