**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER HENRY YOUNG, | No. 08-16056 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-00042-LJO-TAG |
| v. | |
| ATTORNEY GENERAL; MATTHEW CATE, Secretary, Dept. of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted August 30, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Christopher Henry Young, a California prisoner, appeals the dismissal of his

petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]  The district court

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]The parties are familiar with the facts.  We repeat them only as necessary to explain our disposition.

dismissed Young's petition as untimely under the one-year limitation period imposed by the Antiterrorism & Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1)(A); *see also Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). We affirm.

Young is not entitled to statutory or equitable tolling of the one-year limitation period. To obtain tolling, Young must adequately justify the delay between the denial of his first state habeas petition on September 2, 2004, and the subsequent filing of his second and third state habeas petitions on February 2, 2005. *See* § 2244(d)(2) (providing tolling during the pendency of a properly filed state habeas petition); *Evans v. Chavis*, 546 U.S. 189, 192–93 (2006) (holding that a California habeas petition is timely if filed within a "reasonable time"); *see also Waldrip*, 548 F.3d at 734. Young vaguely argues that he was denied access to his "legal files" and "correspondence" during this period, but he introduced no evidence supporting this claim. Young advances no other colorable argument that could potentially entitle him to tolling.

Further, Young is not entitled to an evidentiary hearing on his claim that he was denied access to his files and correspondence. Unless one of three statutory exceptions applies, a federal court "shall not hold an evidentiary hearing on [a] claim" when a prisoner "has failed to develop the factual basis of [the] claim in

2

State court proceedings." § 2254(e)(2). A prisoner has failed to develop the factual basis of a claim if there was "lack of diligence . . . attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

None of the three statutory exceptions applies in this case, *see* § 2254(e)(2), and Young failed to pursue his claim in state proceedings. If Young was denied access to his files for any appreciable period of time before filing his second and third state habeas petitions in February 2005, he had a prime opportunity to develop that claim in those two petitions.[2] Instead, neither petition even alludes to any lack of access to his files. In fact, in response to Question 15 on both petitions asking Young to "[e]xplain any delay" in discovery of the grounds for relief or in raising the claims, Young wrote "No delay" and mentioned only that: (1) he had been transferring back and forth between prison and county jail; and (2) his counsel never filed an appeal on his behalf. Thus, Young failed to diligently develop any claim that he was ever denied access to his files. He is not entitled to an evidentiary hearing. *See id.*

**AFFIRMED.**

---

[2]Young had indisputably received his files by the time he filed his second and third state habeas petitions, as he attached his medical records to those petitions.

*Young v. Cate*, 08-16056

B. FLETCHER, Circuit Judge, dissenting:

I respectfully dissent. I would hold that Young, a *pro se* litigant navigating the labyrinth of state and federal procedures, is entitled to an evidentiary hearing on his claim that he was denied access to his files and correspondence.

As the majority recognizes, Young is entitled to tolling if he can justify the delay between the denial of his first state habeas petition and the subsequent filings of his second and third habeas petitions. *See Evans v. Chavis*, 546 U.S. 189, 192–93 (2006). Young's second and third habeas petitions differ from his first in two significant respects: they include Young's medical records, and they include the decision of the California Superior Court disposing of his first petition. Young's first petition was denied by the Superior Court in part because he failed to prove he had been medicated at the time of his plea. Shortly after the denial of reconsideration of the Superior Court's denial of his first petition, Young requested the necessary medical records. It is important to know exactly when he received these records, because the length of time for which his prison transfers deprived him of access to them is critical to determining whether he is entitled to tolling.

Young did, in both the state court and district court proceedings, allude to the fact that constant transfers between facilities may have deprived him of access

1

to his files and records. Although he did not raise this claim with a great deal of clarity or support, there is nothing to suggest that this was due to a "lack of diligence." *See Williams v. Taylor*, 529 U.S. 420, 432 (2000) ("[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). Since Young appeared *pro se* both in state court and before the district court, his filings must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because I would hold that Young is entitled to an evidentiary hearing on the issue of whether denial of access to his medical records excuses the delay between the filing of his first petition and the subsequent filings, I respectfully dissent.

2