**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER DALE SMITH, | No. 11-57167 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-02429-LAB-CAB |
| v. | |
| LARRY SMALL, Warden; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 7, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District Judge.[**]

Christopher Dale Smith appeals the district court's dismissal of his petition

for habeas corpus as untimely filed under the Antiterrorism and Effective Death

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Mark L. Wolf, Senior District Judge for the U.S. District Court for the District of Massachusetts, sitting by designation.

Penalty Act's (AEDPA) one-year statute of limitations.[1]  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we vacate and remand.

The State concedes that Smith is entitled to statutory tolling for the periods

during which his petitions were pending before the California Superior Court and

the California Court of Appeal and for the interval between those petitions.  *See* 28

U.S.C. § 2244(d)(2).  At issue is the 85-day delay between the California Court of

Appeal's denial of Smith's petition and his subsequent filing of a petition in the

California Supreme Court.  The district court concluded that this delay was

unreasonable, and as a result denied Smith statutory tolling for those 85-days,

making Smith's federal petition untimely.

We conclude to the contrary that Smith's petition to the California Supreme

Court was filed within a "reasonable time."  *See Evans v. Chavis*, 546 U.S. 189,

198 (2006) (holding that if the state supreme court's disposition does not state

whether the petition was timely or untimely, the federal court of appeals must

make that determination itself).  The 85-day delay between Smith's petitions to the

California Court of Appeal and to the California Supreme Court was longer than,

---

[1] Because we reverse the district court's ruling on timeliness, we do not
reach Smith's claim that the district court abused its discretion under *Pace v.
DiGuglielmo*, 544 U.S. 408 (2005), when it dismissed his October 2009 federal
petition in case no. 09-cv-2208 BEN (NLS).  Smith's May 9, 2012, motion to
augment the record with that case is GRANTED.

but close to, the 30–60 day delay the Supreme Court previously recognized as reasonable under California's habeas system. *See id*. at 201. Here, the California Supreme Court did not indicate that Smith's petition was untimely with an explicit statement to that effect or with a customary citation to *In re Robbins*, 959 P.2d 311 (Cal. 1998). *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). Moreover, Smith proceeded through the state habeas process without the benefit of counsel and has explained that he had limited access to his legal files while in protective custody. Given California's rule that a state habeas petition can be filed within a reasonable but indeterminate time, and the other circumstances noted above, 85 days was a reasonable time for Smith in this case to prepare and file his habeas petition in the California Supreme Court. *See Evans*, 546 U.S. at 201.

We hold that Smith is entitled to statutory tolling sufficient to render his federal petition timely under AEDPA's one-year statute of limitations. We VACATE the district court's order dismissing Smith's petition as untimely and REMAND the case to the district court to consider Smith's petition on the merits.[2]

**VACATED** and **REMANDED**

---

[2]We express no view on the merits of Smith's appeal.