**Bunthoeun ROEUNG**

v.

**T. FELKER, Warden.**

**No. CV 06 5258 DDP(RC).**

United States District Court,
C.D. California.

April 3, 2007.

The petitioner is appearing pro se.

David C. Cook, Deputy Attorney General, Office of Attorney General of the State of California, Los Angeles, CA, for The respondent.

CHAPMAN, United States Magistrate Judge.

## PROCEEDINGS: (IN CHAMBERS) ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND REQUIRING RESPONDENT TO ANSWER THE PETITION

On August 2, 2006, petitioner Bunthoeun Roeung, a state inmate proceeding pro se, filed his initial habeas corpus petition under 28 U.S.C. § 2254, and on September 15, 2006, petitioner filed his First Amended Petition, which is currently pending. On January 25, 2007, respondent filed his motion to dismiss the First Amended Petition, arguing the petition is untimely. On February 28, 2007, petitioner filed his opposition to the motion to dismiss, and on March 26, 2007, respondent filed a reply.

## BACKGROUND

On February 26, 1999, in Los Angeles County Superior Court case no. BA109494, a jury convicted petitioner of three counts of first degree murder in violation of California Penal Code ("P.C.") § 187(a) (counts 1, 2 & 6), seven counts of willful, deliberate and premeditated attempted murder in violation of P.C. § 664/187(a) (counts 4, 7–12), and one count of conspiracy to commit murder in violation of P.C. §§ 182(a)(1)/187(a) (count 13) and, as to all counts, the jury found a

principal was armed with a firearm within the meaning of P.C. § 12022(a)(1), the crimes were committed for the benefit of a criminal street gang within the meaning of P.C. § 186.22(b), and special circumstances existed because petitioner had been convicted of multiple murders, at least one of which was in the first degree, within the meaning of P.C. § 190.2(a)(3).[1] Lodgment no. 1. On June 9, 1999, the trial court sentenced petitioner to multiple terms of life without the possibility of parole. *Id.*

Petitioner appealed his convictions and sentence to the California Court of Appeal, which affirmed the judgment in an unpublished opinion filed April 21, 2003, but modified it "to provide that the sentence on count 7 is to run concurrently with the sentence on count 6, and to delete the suspended parole revocation fine pursuant to [P.C. § ] 1202.45." Lodgment no. 2; *People v. Roeung*, 2003 WL 1904695 (Cal. App. 2 Dist.). On May 5, 2003, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied review on July 9, 2003. Lodgment nos. 3–4.

On April 5, 2004,[2] petitioner, proceeding pro se, filed a habeas corpus petition in the Los Angeles County Superior Court, which denied the petition on April 21, 2004, finding "the issue can or was raised on appeal." First Amended Petition, Exhs. E–F. On October 21, 2004, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition on August 18, 2005, with citation to *People v. Duvall*, 9

---

1. Petitioner was tried with co-defendants Sothi Menh, David Evangelista, Roatha Buth, Son Than Bui, Ky Tony Ngo, and Kimorn Nuth.

2. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v.*

Carey, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).

Cal.4th 464, 474–75, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), and *In re Clark,* 5 Cal.4th 750, 765, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), stating "[t]he petition is denied for failure to state sufficient facts or to provide an adequate record or legal authority demonstrating entitlement to the relief requested" and issues resolved on appeal will not be considered on habeas corpus. Lodgment nos. 5–6. On September 2, 2005, petitioner filed a habeas corpus petition in the California Supreme Court, which was denied on July 12, 2006. Lodgment nos. 7–8.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \* \* \* \* \* \*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The California Supreme Court denied petitioner's request for review on July 9, 2003. Following denial of review by the California Supreme Court, a state prisoner has the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after denial of the petition for review by the highest state court. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the AEDPA's statute of limitations began to run on October 8, 2003, and expired on October 7, 2004, one year from when his state court decision became final. *Ibid.* Here, the instant action was not filed until August 2, 2006, almost two years after the statute of limitations had run.

■ However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) (footnotes omitted), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold,* 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002).

Here, petitioner filed his first state habeas corpus petition in Los Angeles County Superior Court on April 5, 2004, at which time, petitioner had "used" 180 days of his allotted 365 days, and had 185 days left on the limitations period. *Nino,* 183 F.3d at 1006. The Superior Court denied the habeas petition on April 21, 2004, and

it was not October 21, 2004—six months later—that petitioner filed his habeas petition in the California Court of Appeal. Although eschewing a bright-line test, the Supreme Court has held that, absent a clear indication to the contrary by the California Legislature or a California court, an unexplained and unjustified gap between filings of six months is unreasonable and does not warrant "gap tolling." *Evans v. Chavis,* 546 U.S. 189, ——, 126 S.Ct. 846, 854, 163 L.Ed.2d 684 (2006); *see also Gaston v. Palmer,* 447 F.3d 1165, 1166–67 (9th Cir.2006) (petitioner not entitled to "gap" tolling for unexplained delays of 10 months, 15 months and 18 months between filings), *cert. denied,* —— U.S. ——, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007). The Supreme Court explained:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10–day period California gives a losing party to file a notice of appeal in the California Supreme Court.... We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6–month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold.*

*Chavis,* 546 U.S. at ——, 126 S.Ct. at 854 (citations omitted). Thus, petitioner's six-month delay between the denial of his habeas corpus petition by the Superior Court and the subsequent filing of a habeas corpus petition in the California Court of Appeal is "presumptively unreasonable pursuant to *Chavis.*" *Kirch v. Kramer,* 2007 WL 683971, *1 (9th Cir.(Cal.) 2007) (Unpublished Disposition).[3]

However, petitioner explains the six-month delay, stating:

> I was unable to develop any facts necessary to bring this Petition until I received the transcripts of my trial from my appellate attorney. Upon receipt of the transcripts in July of 2003, I began to make my best effort to read and understand the proceedings in my trial and to learn the applicable law. The record of my trial consists of 82 volumes of Reporter's Transcript[s] and 15 volumes of Clerk's Transcript[s]. Faced with the factual and legal complexity of the proceedings, I also began looking for qualified legal assistance. Because I am indigent, it was difficult for me to locate such assistance, although my efforts ultimately proved successful and I received help from prisoners with some training and experience in law. [¶] ... Aware of the timeliness requirement, I submitted my first habeas corpus petition to the Superior Court as soon as I could ... and continued to research the record and study the law in order to determine whether additional claims for relief existed. In the course of such research, I identified what I believed to be a potentially meritorious ground for relief related to two witnesses to the Ferman shooting. I wrote my trial counsel seeking additional information on this issue. In the same letter, I asked counsel to send me the trial file so that I could research matters outside the trial record and evaluate their impact on some of counsel's actions discussed in this Petition.... To this day, I have not received any response from my trial attorney. For that reason, I did not write him again seeking explanation of some of his actions during the trial, as it became clear to me that he had no intention to communicate with me regarding any

---

**3.** *See* Fed. R.App. P. 32.1(a); Ninth Circuit Rule 36–3(b).

subject. [¶] ... I have been diligent in taking all steps necessary to prepare and present this petition. I could not have submitted it any sooner because of my limited abilities and the complexity of my case. The delay after the filing in the Superior Court was due to my continued efforts to identify and present claims for relief as well as expectation of response from trial counsel. Additional delay was caused by the prison lockdown for approximately six weeks in July and August of 2004, when law library access was permitted only to prisoners with documented court deadlines. Since I did not have such a deadline, neither I nor the prisoners assisting me could access the law library in order to continue researching the applicable law. Declaration of Bunthoeun Roeung, ¶¶ 3–5 (Lodgment no. 5, Exh. A).

Here, petitioner was convicted following a lengthy multi-defendant trial that generated voluminous transcripts. In his habeas corpus petition to the Los Angeles County Superior Court, petitioner raised only one claim—his trial counsel was ineffective in failing to object to irrelevant evidence of firearms and ammunition. First Amended Petition, Exh. E. However, this claim was unsuccessful in the Superior Court, and petitioner substantially expanded his claims in the lengthy habeas corpus petition he subsequently submitted to the California Court of Appeal, which added four new grounds for relief[4] to the ineffective assistance of counsel claim previously raised before the Superior Court.[5] Lodgment no. 5. Moreover, the California Court of Appeal did not find the petition filed by petitioner after the six-month delay to be untimely, as demonstrated by the cases it cited and the comments it made when denying the petition. *Chavis*, 546 U.S. at ——, 126 S.Ct. at 854; *see also Burke v. Campbell*, 2006 WL 3589510, *10–11 (E.D.Cal.) ("The petitioner in this case has explained and hence justified each period of [the 10 and 19–months] delay[s]. Respondents have offered no rebuttal to his explanations. Having determined that the delays between the state court petitions

---

4. The four new grounds are: (1) constructive amendment of the indictment in violation of the Fifth and Fourteenth Amendments, and ineffective assistance of counsel if appellate counsel should have raised the issue on appeal or if trial counsel's objection was insufficient to preserve the issue for appeal; (2) instructions on conspiracy to commit multiple murders in count 13 relieved the prosecution of its burden of proving the elements of counts 6 and 7 in violation of the Fourteenth Amendment, and ineffective assistance of counsel if appellate counsel should have raised the issue on appeal or if trial counsel's objection was insufficient to preserve the issue for appeal; (3) trial counsel was ineffective in failing to move to suppress tainted eyewitness identification in violation of the Sixth Amendment; and (4) admission of irrelevant character evidence in violation of the due process clause of the Fourteenth Amendment, and ineffective assistance of counsel when appellate counsel failed to raise the issue on appeal. Lodgment no. 5.

5. The respondent's contention that petitioner has conceded he initiated a new round of collateral review because his habeas corpus petition to the California Court of Appeal included more claims than his habeas corpus petition to the Superior Court is without merit. *See Delhomme v. Ramirez*, 340 F.3d 817, 819–20 (9th Cir.2003) (per curiam) ("The time an application is 'pending' during [state collateral review] also includes the interval between the disposition of a post-conviction habeas petition and the filing of an appeal or habeas petition at the next state appellate level. This is true even if the contents of the petitions change." (citation omitted)); *Biggs v. Duncan*, 339 F.3d 1045, 1048 n. 1 (9th Cir.2003) ("[Petitioner] added and removed claims as he moved from the lower to higher courts, as was his prerogative since he filed original petitions at each level.... Our court has held that a prisoner's application for habeas relief warrants AEDPA tolling during a round of appellate review even when the contents of the petitions change." (citations omitted)).

cannot be said to have been unreasonable under state law, the undersigned finds that the intervals between the properly filed petitions have been explained and justified and that petitioner is entitled to statutory tolling for the entire time his habeas petitions were pending in the state courts...."), *adopted by, Burke v. Subia,* 2007 WL 521803 (E.D.Cal.); *In re Robbins,* 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 160, 959 P.2d 311 (1998) ("Good cause for substantial delay may be established if, for example, the petitioner can demonstrate that because he or she was conducting an ongoing investigation into at least one potentially meritorious claim, the petitioner delayed presentation of one or more known claims in order to avoid the piecemeal presentation of claims...."); *In re Perez,* 65 Cal.2d 224, 228, 53 Cal.Rptr. 414, 416, 418 P.2d 6 (1966) (Petitioner's almost three-year delay in seeking habeas corpus relief "is sufficiently explained by his allegations that when he entered the state prison he had not completed the seventh grade in school and knew nothing of legal rights or procedures, and that he has diligently used the limited opportunities available to prisoners for legal research and the preparation of legal documents."). Therefore, petitioner is entitled to "gap" tolling for the period between the Superior Court's denial of his habeas corpus petition and the subsequent filing of his habeas corpus petition in the California Court of Appeal. *Saffold,* 536 U.S. at 225, 122 S.Ct. at 2141; *Nino,* 183 F.3d at 1006.

█ Moreover, since petitioner filed his habeas corpus petition in the California Supreme Court on September 2, 2005, only 15 days after the California Court of Appeal denied his habeas corpus petition on August 18, 2005, petitioner is entitled to statutory tolling for the whole period his

collateral challenges to his conviction and sentence were pending in the California courts—from April 5, 2004, through July 12, 2006. Thus, when the California Supreme Court denied his habeas corpus petition on July 12, 2006, petitioner had 185 days, or until January 16, 2007,[6] to timely file a federal habeas corpus petition. Since petitioner filed his federal habeas corpus petition before that date, it is timely.

## ORDER

Respondent shall file an answer addressing the merits of the pending First Amended Petition no later than thirty (30) days from the date of this Order, and petitioner may file his reply or traverse within sixty (60) days of service of the answer.

---

**6.** January 13, 2007, the 185th day, was a Saturday, and January 15, 2007, was a court holiday. Fed.R.Civ.P. 6(a).