**Son Thanh BUI**

v.

**Anthony HEDGPETH [1].**

**No. CV06–7769–DDPRC.**

United States District Court,
C.D. California.

Sept. 20, 2007.

---

**1.** Pursuant to Fed.R.Civ.P. 25(d)(1), Anthony Hedgpeth is substituted as respondent in place of M. Knowles.

Son Thanh Bui, Delano, CA, Pro se.

David C. Cook, Deputy Attorney General, Office of the Attorney General of the State of California, Los Angeles, CA, for Defendant.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND REQUIRING RESPONDENT TO ANSWER THE PETITION**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On November 26, 2006, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, and on May 17, 2007, respondent filed a motion to dismiss the petition, arguing the petition is untimely. On July 26, 2007, petitioner filed his opposition to the motion to dismiss, and respondent filed a reply on August 29, 2007.

**BACKGROUND**

On February 26, 1999, in Los Angeles County Superior Court case no. BA109494, a jury convicted petitioner Son Thanh Bui of six counts of first degree murder in violation of California Penal Code ("P.C.") § 187(a) (counts 1, 2, 6, 14, 15 & 16), eight counts of willful, deliberate and premeditated attempted murder in violation of P.C. § 664/187(a) (counts 4, 7–12 & 17), and two counts of conspiracy to commit murder in violation of P.C. §§ 182(a)(1)/187(a) (counts 13 & 18), and, as to all counts, the jury found a principal

was armed with a firearm within the meaning of P.C. § 12022(a)(1) and the crimes were committed for the benefit of a criminal street gang within the meaning of P.C. § 186.22(b), and, as to all counts except counts 8–12, the jury found petitioner personally used a firearm within the meaning of P.C. §§ 1203.06(a)(1) and 12022.5(a), and the jury found special circumstances existed because petitioner had been convicted of one first degree murder and another crime of first or second degree murder within the meaning of P.C. § 190.2(a)(3) and petitioner intentionally killed three victims while lying in wait within the meaning of P.C. § 190.2(a)(15).[2] Clerk's Transcript ("CT") 3375–91. On June 15, 1999, the trial court sentenced petitioner to consecutive multiple terms of life without the possibility of parole and lesser terms. CT 3975–85, 3998–4001.

Petitioner appealed his convictions and sentence to the California Court of Appeal, CT 4012–13, which affirmed the judgment in an unpublished opinion filed April 21, 2003, but modified it "to provide that the sentence on count 7 is to run concurrently with the sentence on count 6, and to delete the suspended parole revocation fine pursuant to [P.C. § ] 1202.45." Lodgment no. 4. On May 5, 2003, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied review on July 9, 2003. Lodgment nos. 5–6.

■ On May 7, 2004,[3] petitioner, proceeding pro se, filed a habeas corpus peti-

---

**2.** Petitioner was tried with co-defendants Sothi Menh, David Evangelista, Roatha Buth, Bunthoeun Roeung, Ky Tony Ngo, and Kimorn Nuth.

**3.** "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey,* 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d

245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar,* 273 F.3d at 1223; *Anthony v. Cambra,* 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied,* 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Here, the habeas petition to the Los Angeles County Superior Court was dated May 7, 2004. *See, e.g., Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir.2001) (per curiam) ("Under the mailbox rule, the burden is on prison authorities to prove the date a pris-

tion in the Los Angeles County Superior Court, which denied the petition on September 15, 2004. Lodgment nos. 7–8. On December 7, 2004, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition on August 18, 2005, with citation to *People v. Duvall,* 9 Cal.4th 464, 474–75, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), and *In re Clark,* 5 Cal.4th 750, 765, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Lodgment nos. 9–10. On January 23, 2006, petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on September 27, 2006. Lodgment nos. 11–12.

## DISCUSSION

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\*    \*    \*    \*    \*    \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The California Supreme Court denied petitioner's request for review on July 9, 2003. Following denial of review by the California Supreme Court, a state prisoner has the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after denial of the petition for review by the highest state court. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, AEDPA's statute of limitations began to run on October 8, 2003, and expired on October 7, 2004. *Ibid.* Here, the instant action was not filed until November 26, 2006—more than two years after the statute of limitations had run.

■ However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending before the California courts. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted), *cert. denied,* 529

---

oner delivered his documents to be mailed. Absent evidence to the contrary in the form of prison logs or other records, we will assume that [petitioner's] motion was delivered to prison authorities the day he signed it....."); *Marsh v. Soares,* 223 F.3d 1217, 1218 n. 1

(10th Cir.2000) ("Liberal application of the mailbox rule ... causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001).

U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold,* 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002). Here, petitioner filed his first state habeas petition in Los Angeles County Superior Court on May 7, 2004, at which time, petitioner had "used" 212 days of his allotted 365 days, and had 153 days left on the limitations period. *Nino,* 183 F.3d at 1006. If statutory tolling were to extend until the California Supreme Court's rejection of petitioner's "final collateral challenge," it would extend through September 27, 2006, when the California Supreme Court denied petitioner's habeas corpus petition, and the pending petition would be timely. However, respondent argues that statutory tolling does not extend from May 7, 2004, to September 27, 2006, because petitioner has untolled "gaps" between: (1) the denial by the Superior Court on September 15, 2004, of petitioner's habeas corpus petition and the filing of petitioner's habeas corpus petition in the California Court of Appeal on December 7, 2004—a period of 83 days; and (2) the denial by the California Court of Appeal on August 18, 2005, of petitioner's habeas corpus petition and the filing of petitioner's habeas corpus petition in the California Supreme Court on January 23, 2006—a period of 158 days. Motion at 6:13–19 & n. 4. There is no merit to respondent's arguments.

The Supreme Court has recently held that in considering whether a petitioner is entitled to "gap" tolling for an interval between his habeas corpus applications in the state courts, the federal court "must itself examine the delay ... and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis,* 546 U.S. 189, 198, 126 S.Ct. 846, 852, 163 L.Ed.2d 684 (2006). In other words, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* Although eschewing a bright-line test, the Supreme Court held that, absent a clear indication to the contrary by the California Legislature or a California court, an unexplained and unjustified gap of six months is unreasonable and does not warrant "gap tolling." *Id.* at 201, 126 S.Ct. at 854; *see also Gaston v. Palmer,* 447 F.3d 1165, 1166–67 (9th Cir.2006) (petitioner not entitled to "gap" tolling for unexplained delays of 10 months, 15 months and 18 months between filings), *cert. denied,* —— U.S. ——, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007). As the Supreme Court explained:

Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It if far longer than the 10–day period California gives a losing party to file a notice of appeal in the California Supreme Court.... We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6–month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold.*[4]

---

4. As noted above, *Saffold* held that an application for post-conviction relief remains "pending" during intervals between a lower court decision and the filing of a new petition in a higher court so long as the new petition is filed within a "reasonable" time period. *Saffold,* 536 U.S. at 223, 122 S.Ct. at 2140. In *Chavis,* the Supreme Court further explained that "in *Saffold,* we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, *i.e.,* that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with

*Chavis,* 546 U.S. at 201, 126 S.Ct. at 854 (citations omitted; footnote added); *see also Kirch v. Kramer,* 2007 WL 683971, *1 (9th Cir.2007) (Unpublished Disposition) ("The petitioner's delay of six months between the filing of his first and second state court petitions and nine months before the filing of his federal habeas petition are presumptively unreasonable pursuant to *Chavis*"), *pet. for cert. filed,* (July 9, 2007).[5]

In *Roeung v. Felker,* 484 F.Supp.2d 1081 (C.D.Cal.2007), this Court determined that one of petitioner's co-defendants was entitled to "gap tolling" for the six-month delay between the Superior Court's denial of his habeas corpus petition and the subsequent habeas filing in the California Court of Appeal because Roeung, during this period, conducted further legal research, which revealed additional grounds for relief, and substantially rewrote and expanded his unsuccessful Superior Court petition; thus, the delay was justified. Here, as in *Roeung,* petitioner has submitted the declaration he presented to the California Court of Appeal explaining his delay in filing his habeas corpus petition, stating:

> ... I was unable to develop any facts necessary to bring this Petition until I received the transcripts of my trial from my appellate attorney. Upon receipt of the transcripts in July of 2003, I began to make my best effort to read and understand the proceedings in my trial and to learn the applicable law. The record of my trial consists of 82 volumes of Reporter's Transcript[s] and 15 volumes of Clerk's Transcript[s]. Faced with the factual and legal complexity of the proceedings, I also began looking for qualified legal assistance. Because I am indigent, it was difficult for me to locate such assistance, although my efforts ulti-mately proved successful and I received help from prisoners with some training and experience in law.
>
> [¶] ... Aware of the timeliness requirement, I submitted my first habeas corpus petition to the Superior Court as soon as I could, and continued to research the record and study the law in order to determine whether additional claims for relief existed. In the course of such research, I identified what I believed to be a potentially meritorious ground for relief related to two witnesses to the Ferman shooting. I wrote my trial counsel seeking additional information on this issue. In the same letter, I asked counsel to send me ... the trial file so that I could research matters outside the trial record and evaluate their impact on some of counsel's actions discussed in this Petition.... To this day, I have not received any response from my trial attorney. For that reason, I did not write him again seeking explanation of some of his actions during the trial, as it became clear to me that he had no intention to communicate with me regarding any subject. [¶] ... I have been diligent in taking all steps necessary to prepare and present this Petition. I could not have submitted it any sooner because of my limited abilities and the complexity of my case.... The instant petition was prepared as soon as possible after my receipt of [the Superior Court's] Minute Order [denying the habeas corpus petition], as it became clear that no response from trial counsel was forthcoming and I could not utilize his trial file to support and/or develop any claims on habeas corpus.

Declaration of Son Thanh Bui ¶¶ 3–5 (Lodgment 9, Exh. A). Additionally, as in

---

determinate timeliness rules." *Chavis,* 546 U.S. at 199–200, 126 S.Ct. at 853 (emphasis in original).

**5.** *See* Fed. R.App. P. 32.1(a); Ninth Circuit Rule 36–3(b).

*Roeung,* petitioner substantially revised and expanded his unsuccessful Superior Court petition, adding five new grounds for habeas corpus relief before the California Court of Appeal. *See* Lodgment nos. 7, 9. Moreover, again like *Roeung,* the California Court of Appeal did not find petitioner's application for habeas relief to be untimely. *See* Lodgment no. 10. "Therefore, petitioner is entitled to 'gap' tolling for the period between the Superior Court's denial of his habeas corpus petition and the subsequent filing of his habeas corpus petition in the California Court of Appeal." *Roeung,* 484 F.Supp.2d at 1086.

■ The petitioner also contends he is entitled to "gap" tolling for the more than five-month delay between the denial of his habeas corpus petition by the California Court of Appeal and the subsequent filing of his petition in the California Supreme Court because of delays in photocopying his habeas corpus petition to the California Supreme Court. During this period, and now, California requires a petitioner seeking habeas corpus relief in the California Supreme Court to file the original and ten copies of the petition, and the original and two copies of any supporting documents accompanying the petition, unless the California Supreme Court orders otherwise. Former Cal.Rules of Court, Rule 44(b)(1)(B-C) (2005); former Cal.Rules of Court, Rule 60(a)(3) (2006).[6] Here, petitioner explains he received the California Court of Appeal's order denying his petition on August 25, 2005, and immediately sent it to his family, to forward to an inmate who was assisting him with his habeas petitions. Declaration of Son Thanh Bui (Opposition, Exh. A) ("Bui Decl.") ¶ 5. Petitioner's habeas corpus peti-

tion to the California Supreme Court was complete by late September 2005, and petitioner, who was then incarcerated at California State Prison—Sacramento ("CSP–Sacramento"), requested access to the law library—"the only place he could make the required photocopies" of the petition. *Id.* ¶ 6. However,

> [p]ursuant to CSP-[Sacramento] procedure[s], prisoners with verifiable court-ordered or statutory filing deadlines are deemed priority legal users (PLU) and normally allowed approximately 2 hours of law library access per week, beginning within approximately two weeks of submission of a request for such access. All other prisoners are deemed general legal users (GLU), placed on a waiting list, and called to the law library if space remains available after all PLU are allowed access. No GLU access is allowed during a prisoner's work hours. When a facility, or a portion of it, is placed on lockdown, usually only PLU are allowed access to the law library. Even if an official lockdown status summary or memorandum issued by supervisory staff allows GLU library access, prison guards routinely do not escort GLU prisoners to the library.

*Id.* Petitioner further explains he was placed on GLU status "[b]ecause at the time federal law allowed for virtually unlimited tolling between state-court habeas filings and California law contained no specific habeas filing deadlines [and he] could not provide CSP-[Sacramento] library staff with any identifiable court deadline...." *Id.* ¶ 7. Although petitioner was initially informed he should expect access to the law library within 4–8 weeks, petitioner's facility was placed on lockdown between

---

6. The substance of this rule is now contained in Rule 8.380 of the California Rules of Court. *See* Cal. Rules of Court Rule 8.380(a)(3) (2007) ("In the Supreme Court, the petitioner must file an original and 10 copies of the petition [for writ of habeas corpus] and an original and 2 copies of any supporting document accompanying the petition unless the court orders otherwise.").

October and December 2005, and petitioner was informed only inmates on PLU status could have access to the law library during the lockdown. *Id.* ¶¶ 7–8. When inmates on GLU status were allowed access to the law library, petitioner's access was further delayed because he had a full-time work assignment and was not allowed to go to the library during work hours. *Id.* ¶ 9. Petitioner finally gained access to the law library on January 23, 2006, at which time he made the necessary copies and mailed his habeas corpus petition to the California Supreme Court. *Id.*

Despite being afforded the opportunity to do so, respondent has not filed any declarations or other evidence challenging petitioner's statement of facts, and the Court accepts it as true, and finds petitioner's delay in filing his habeas corpus petition in the California Supreme Court was justified. *See Chavis,* 546 U.S. at 200–01, 126 S.Ct. at 854 (Accepting inmate's explanation of more than 3–year gap between petitions due to conflict between law library and prison job hours or prison lockdowns, but denying gap tolling because "there remain[ed] a totally unexplained, hence unjustified delay of at least six months" during which inmate was not on lockdown and his work assignment did not interfere with law library access); *Burke v. Campbell,* 2006 WL 3589510, *10–11 (E.D.Cal.2006) ("The petitioner in this case has explained and hence justified each period of [the 10 and 19–month] delay[s]. Respondents have offered no rebuttal to his explanations. Having determined that the delays between the state court petitions cannot be said to have been unreasonable under state law, ... the intervals between the properly filed petitions have been explained and justified and ... petitioner is entitled to statutory tolling for the entire time his habeas petitions were pending in the state courts. ..."), *adopted by, Burke v. Subia,* 2007 WL 521803 (E.D.Cal.2007). Moreover, the California Supreme Court, in denying petitioner's habeas corpus application, did not find the petition to be untimely, and there is no reason to believe the California Supreme Court would consider such a justified delay to be untimely. *Roeung,* 484 F.Supp.2d at 1085–86; *In re Perez,* 65 Cal.2d 224, 228, 53 Cal.Rptr. 414, 416, 418 P.2d 6 (1966). Therefore, petitioner is entitled to "gap tolling" for the period between the California Court of Appeal's denial of his habeas corpus petition and the subsequent filing of his habeas corpus petition in the California Supreme Court. *Roeung,* 484 F.Supp.2d at 1086; *Burke,* 2006 WL 3589510 at *10–11.

Accordingly, the Court finds the statute of limitations was tolled continuously from May 7, 2004, when petitioner filed his habeas corpus petition in the Los Angeles County Superior Court, through September 27, 2006, when the California Supreme Court denied petitioner's habeas corpus petition. *Saffold,* 536 U.S. at 225, 122 S.Ct. at 2141; *Nino,* 183 F.3d at 1006. As of September 27, 2006, petitioner had 153 days, or until February 27, 2007, to timely file his federal habeas corpus petition. Since petitioner filed the pending habeas corpus petition on November 26, 2006, it is timely.

### ORDER

Respondent's motion to dismiss **IS DENIED,** and respondent **IS ORDERED** to file an answer addressing the merits of the habeas petition, no later than thirty (30) days from the date of this Order.