**Elliot Eugene WARBURTON**

v.

**James WALKER, (Warden).**

**Case No. EDCV 07–1650–ODW (RC).**

United States District Court,
C.D. California.

April 24, 2008.

Elliot Eugene Warburton, Represa, CA, pro se.

Lynne G. McGinnis, CAAG, Office of Attorney General of California, San Diego, CA for James Walker.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND REQUIRING RESPONDENT TO ANSWER PETITION**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

■ On December 7, 2001,[1] petitioner Elliot Eugene Warburton, aka Elliot E. Warburton, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his murder conviction and sentence on multiple grounds,[2] and on February 14, 2008,

---

1. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). The petitioner signed the petition on December 7,

2007, and the Court infers that is the date it was given to prison authorities for mailing.

2. In the pending habeas corpus petition, petitioner raises the following claims: (1) "State Court's decision denying motion to supress [sic], was an unreasonable determination of facts and federal law"; (2) "State Court's determination of instructional error was unreasonable and contrary to federal Constitutional law"; (3) "Petitioner was convicted based upon insufficient 'Conspiracy' evidence"; (4) "Petitioner was convicted based upon insufficient 'Aiding & Abetting' evi-

respondent filed a motion to dismiss the petition, arguing it is untimely. On April 15, 2008, petitioner filed his opposition to the motion to dismiss.

## BACKGROUND

On October 14, 2003, in Riverside County Superior Court case nos. RIF098904 and RIF098989, a jury convicted petitioner of one count of first degree murder in violation of California Penal Code ("P.C.") § 187(a), and the jury found it to be true that a principal in the offense personally discharged a firearm proximately causing death within the meaning of P.C. § 12022.53(d), (e)(1), and the offense was committed for the benefit of, at the direction of, and in association with, a criminal street gang within the meaning of P.C. § 186(b)(1). Petition at 2; Lodgment no. 1 at 2. On March 26, 2004, petitioner was sentenced to the total term of 50 years to life. *Ibid.*

The petitioner appealed his conviction and sentence to the California Court of Appeal, which affirmed the judgment in an unreported opinion filed August 30, 2005, 2005 WL 2093684. Lodgment no. 1. On October 3, 2005, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied review on December 14, 2005. Lodgment nos. 2–3.

On October 16, 2006, petitioner, proceeding pro se, filed a petition for writ of habeas corpus in the Riverside County Superior Court, which denied the petition on November 14, 2006. Lodgment nos. 4–5. On January 22, 2007, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on February 21, 2007. Lodgment nos. 6–7. Finally, on April 30, 2007, petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on October 10, 2007, with citations to *In re Lindley,* 29 Cal.2d 709, 177 P.2d 918 (1947), *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), and *In re Waltreus,* 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

dence"; (5) "Petitioner was convicted based upon insufficient evidence to support material and probable consequence doctrine as special circumstance"; (6) "Petitioner's conviction was based upon insufficient evidence to support gang enhancement"; (7) trial counsel was ineffective "when counsel failed to file a motion to exclude prejudicial evidence"; (8) trial counsel was ineffective "when counsel failed to move for bifurcation of gang enhancement allegation"; (9) trial counsel was ineffective "when counsel failed to object to prosecutor['s] misstatement of facts"; (10) trial counsel was ineffective "when counsel failed to move for a Bill of Particulars"; (11)

trial counsel was ineffective "when counsel failed to move for the exclusion of prejudicial hearsay statements"; (12) petitioner's rights to a fair trial and due process were violated "when prosecution misstated the facts of the case"; (13) petitioner's right to confrontation was violated "when Petitioner's counsel failed to object to prejudicial third party hearsay"; (14) petitioner's right to a fair trial was violated "when trial court instruction on natural & probable consequence instructed jury to presume facts in dispute"; and (15) appellate counsel was ineffective "when appellate counsel failed/refused to raise meritous [sic] claims in grounds 3–thru [sic]—14."

court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

* * *

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

■ Here, the California Supreme Court denied petitioner's request for review on December 14, 2005. After the California Supreme Court denied review, petitioner had the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. A writ of certiorari must be sought within ninety days after the California Supreme Court denies review. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999).

■ "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003); *see also Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001) ("[U]nder [§ 2244(d) ], a judgment becomes 'final' in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expira-

tion of the time to seek such review, again from the highest court from which such direct review could be sought."), *cert. denied*, 534 U.S. 1143, 122 S.Ct. 1097, 151 L.Ed.2d 994 (2002); *Trapp v. Spencer*, 479 F.3d 53, 58 (1st Cir.2007) ("When the Supreme Court denied [petitioner's] petition for certiorari on December 16, 1996, [petitioner's] conviction became final, and the AEDPA period of limitations began to run."). Here, despite respondent's contention to the contrary, AEDPA's statute of limitations began to run on March 15, 2006—ninety days after the California Supreme Court denied petitioner's request for review—and expired on March 14, 2007, one year from when petitioner's state court decision became final. *Ibid.*

■ The instant action was not filed, however, until December 7, 2007—almost nine months after the statute of limitations had run. This Court, thus, must consider whether the statute of limitations was statutorily tolled while petitioner's applications for collateral relief were pending in the California courts. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold*, 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002). Here, petitioner filed his first habeas corpus petition in the Riverside County Superior Court on October 16, 2006, and it was denied on November 14, 2006. At the time petitioner filed his petition in the Superior Court, he had "used" 215 days of his allotted 365 days and had 150 days left on the limitations period in which to file a federal habeas petition. *Nino*, 183 F.3d at 1006. The limitations period was tolled from October 16, 2006,

through November 14, 2006. *Id.* The petitioner then filed his habeas corpus petition in the California Court of Appeal on January 22, 2007—69 days after the Superior Court denied his habeas corpus petition.[3] The Court of Appeal denied the petition on February 21, 2007, and petitioner filed his next petition in the California Supreme Court on April 30, 2007—68 days after the California Court of Appeal denied petitioner's habeas corpus petition—and that petition was denied on October 10, 2007. If the statute of limitations was tolled throughout the state habeas process—from October 16, 2006, through October 10, 2007, petitioner had 150 days from October 10, 2007, in which to file his federal habeas petition, and the pending petition is timely.

■■■■ The respondent asserts, however, that petitioner is not entitled to statutory tolling throughout the state habeas process because petitioner delayed for more than 60 days filing his habeas petitions in both the California Court of Appeal and California Supreme Court. Thus, this Court must determine whether petitioner is entitled to "gap tolling" for the periods between the Superior Court's denial of his habeas petition and petitioner's subsequent filing in the California Court of Appeal and the California Court of Appeal's denial of his habeas petition and petitioner's subsequent filing in the California Supreme Court. In particular, this Court "must decide whether the filing of [petitioner's] request[s] for state-court appellate review (in state collateral review proceedings) [were] made within what California would consider a 'reasonable time.' "[4] *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 852, 163 L.Ed.2d 684 (2006).

Although eschewing a bright-line test, the United States Supreme Court has held that, absent a clear indication to the contrary by the California Legislature or a California court, an unexplained and unjustified "gap" between filings of six

---

3. "Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court." *Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir.2003).

4. The respondent's focus on an alleged 315–day delay between the California Supreme Court's denial of petitioner's petition for review and petitioner's filing of a habeas corpus petition in the Riverside County Superior Court demonstrates a profound misunderstanding of "gap tolling" and other issues regarding the calculation of the statute of limitations period under AEDPA. First, petitioner's conviction did not become final on December 14, 2005, when the California Supreme Court denied review, as respondent wrongly asserts; rather, as noted above, petitioner's conviction became final 90 days later, on March 14, 2006, and the statute of limitations began to run on March 15, 2006. Second, the issue of "gap tolling" only comes into play if an application for post-conviction review is "pending," which can include intervals between a lower court decision and the filing of a new petition in a higher court so long as the new petition is filed within a "reasonable" time period. *Saffold*, 536 U.S. at 223, 122 S.Ct. at 2140; *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir.2003) (per curiam). On the other hand, "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino*, 183 F.3d at 1006; *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir.2007). Therefore, "gap tolling" has absolutely no application to the time period following petitioner's conviction and the filing of an initial state habeas corpus petition. Last, the 315–day figure completely ignores the mailbox rule in direct contravention of controlling precedent, and this error also causes respondent to overstate the other "gaps" discussed herein.

months is unreasonable and does not warrant "gap tolling." *Id.* at 201, 126 S.Ct. at 854; *see also Gaston v. Palmer*, 447 F.3d 1165, 1166–67 (9th Cir.2006) (petitioner not entitled to "gap" tolling for unexplained delays of 10 months, 15 months and 18 months between filings), *cert. denied*, — U.S. ——, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007). Here, petitioner's 69–day delay between the Superior Court's denial of his habeas corpus petition and petitioner's subsequent filing of his habeas corpus petition in the California Court of Appeal appears to be reasonable since, after his unsuccessful petition to the Superior Court, petitioner refined his arguments and provided further factual and legal support for his claims in his petition to the Court of Appeal. *See* Lodgment nos. 4 and 6. Thus, "petitioner is entitled to 'gap' tolling for the period between the Superior Court's denial of his habeas corpus petition and the subsequent filing of his habeas corpus petition in the California Court of Appeal[,]" *Roeung v. Felker*, 484 F.Supp.2d 1081, 1086 (C.D.Cal.2007); *see also Payne v. Davis*, 2008 WL 941969, *4 (N.D.Cal.) (delay of 63 days "to seek higher state court review" is reasonable), and the statute of limitations is tolled from October 16, 2006, through at least February 21, 2007,[5] making the pending habeas corpus petition timely filed.

Accordingly, respondent **IS ORDERED** to file an answer addressing the merits of the habeas petition no later than thirty (30) days from the date of this Order, and petitioner may have sixty (60) days to file his reply.

---

5. Since affording "gap tolling" for the one "gap" between the Superior Court's denial and filing a petition in the California Court of Appeal is sufficient to make the pending petition timely, the Court need not consider whether the 68–day "gap" between the California Court of Appeal's denial of petitioner's habeas corpus petition and petitioner's subsequent filing of his habeas corpus petition in the California Supreme Court was reasonable. Assuming arguendo the statute of limitations was not tolled during this "gap" and the limitations period ran for 68 days between February 22, 2007, and April 30, 2007, *see* Cal.Rules of Court, Rule 8.264(b)(2)(A) ("The [California Court of Appeal's] denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is final when filed), and was tolled from April 30 through October 10, 2007, while the petition was before the California Supreme Court, *see* Cal. Rules of Court, Rule 8.532(b)(C) ("The [California Supreme Court's] denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is final when filed), petitioner had 82 days from October 10, 2007, or until December 31, 2007, to timely file his federal petition. Since petitioner filed the pending petition on December 7, 2007, it is timely regardless of any "gap tolling" for the 68–day period between the California Court of Appeal's denial of petitioner's habeas corpus petition and petitioner's subsequent filing of a habeas corpus petition in the California Supreme Court.