**Jack Brene KIRCH, Petitioner–Appellant,**

v.

**Matthew C. KRAMER, Respondent–Appellee.**

No. 06–15058.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2007.*

Filed March 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Marylou Hillberg, Sebastopol, CA, for Petitioner–Appellant.

Mark Anthony Johnson, Esq., AGCA— Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, NOONAN and GOULD, Circuit Judges.

## MEMORANDUM **

Jack Kirch appeals from the judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in California State Court of voluntary manslaughter and sentenced to fifteen years imprisonment—the upper limit of the statutory range plus an enhancement.

The state raises for the first time on appeal the statute of limitations, now an arguable defense in this case as a result of the Supreme Court's recent decision in *Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). The petitioner's delay of six months between the filing of his first and second state court petitions and nine months before the filing of his federal habeas petition are presumptively unreasonable pursuant to *Chavis*. We have no record, however, on the reasons for the delay in this case. We hold that even if the delay was reasonable, the dis-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trict court properly denied the petition on the merits.

█ Petitioner first claims that his trial counsel was ineffective for failing to call witnesses who would have testified about passers-by taking a gun from the victim after the crime and, therefore, would have supported petitioner's self-defense theory. The witnesses in question had no direct knowledge of any such taking and were prison inmates who would have been easily impeached. Counsel's decision not to call these witnesses was not deficient and resulted in no prejudice to petitioner. *See* *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

█ Kirch also contends that his sentence violates the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. The sentencing court imposed the upper term of eleven years for manslaughter because Kirch used a gun, and it also imposed a four-year sentence enhancement under California Penal Code § 12022.5 for use of a firearm in the commission of a felony. Kirch contends that the state court relied on the same facts to enhance his sentence as it considered in sentencing him for the conviction. Kirch is mistaken.

The state court sentenced petitioner on the basis of jury findings that petitioner was guilty of voluntary manslaughter and that he used a firearm in committing manslaughter. In sentencing Kirch on the manslaughter conviction, the state court weighed mitigating and aggravating factors, and imposed the upper statutory term because it found that the aggravating factors outweighed the mitigating ones. In sentencing Kirch on the gun use enhancement, the state court correctly recognized that applying the same aggravating factors would result in dual use of the facts, and would have been error under state law. It thus expressly did not adopt the enumerated aggravating factors when it enhanced petitioner's sentence by four years. Instead, it concluded that neither the mitigating nor the aggravating factors outweighed the other and imposed the middle term of enhancement.

Because the state court adhered to California law and did not base the enhancement on facts it used in sentencing, there could have been no violation of federal law. The district court therefore properly denied the petition for habeas corpus on the merits.

AFFIRMED.