Accordingly, Nationwide's motion for summary judgment (Doc. # 14) is **HEREBY DENIED** in its entirety.

Gerald Bernard WHITE II, aka Pookey

v.

Derrick OLLISON, Warden (A), Ironwood State Prison.

No. CV 06–5210–DSF(RC).

United States District Court, C.D. California.

Oct. 17, 2007.

Gerald Bernard White, II, Blythe, CA, Pro se.

Carl N. Henry, Lisa J. Brault, Caag–Office of Attorney General of California, Los Angeles, CA, for Respondent.

**PROCEEDINGS: (IN CHAMBERS) ORDER (1) GRANTING PETITIONER'S REQUEST TO EXPAND RECORD TO INCLUDE HIS DECLARATION; (2) VACATING REPORT AND RECOMMENDATION; AND (3) DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT TO ANSWER PETITIONER'S HABEAS CORPUS PETITION**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On August 14, 2006,[1] petitioner Gerald Bernard White II, aka Pookey, a state inmate, proceeding pro se, filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence. On October 31, 2006, respondent filed a motion to dismiss the petition, arguing it is untimely. On

---

1. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey,* 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack.* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar,* 273 F.3d at 1223; *Anthony v. Cambra,* 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied,* 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).

March 23, 2007, petitioner filed his opposition to the motion to dismiss, and on May 31, 2007, respondent filed a reply.

On June 18, 2007, this Court issued a Report and Recommendation finding the pending petition to be untimely and recommending its dismissal. On September 10, 2007, petitioner filed his Objections to the Report and Recommendation and a request to expand the record to include his declaration and exhibits. Since petitioner signed his Objections under penalty of perjury, the Court treats the Objections as a declaration. 28 U.S.C. § 1746; *Jones v. Blanas,* 393 F.3d 918, 922–23 (9th Cir. 2004), *cert. denied,* 546 U.S. 820, 126 S.Ct. 351, 163 L.Ed.2d 61 (2005). The Court afforded respondent an opportunity to respond to petitioner's Objections and request, but respondent failed to respond.

Having reviewed all documents, the Court **HEREBY GRANTS** petitioner's request to expand the record to include his declaration. *Brown v. Roe.* 279 F.3d 742, 745 (9th Cir.2002).

## BACKGROUND

On October 1, 2001, in Los Angeles County Superior Court case no. LA035538, a jury convicted petitioner of one count of second degree murder in violation of California Penal Code ("P.C.") § 187(a) and found that, in the commission of the murder, petitioner personally used a

firearm (shotgun) within the meaning of P.C. § 12022.5(a)(1) and personally and intentionally discharged a firearm (shotgun) within the meaning of P.C. § 12022.53(c); however, the jury found petitioner not guilty of first degree murder. Clerk's Transcript ("CT") 380–81, 384–86. The petitioner was sentenced to state prison for the total term of 35 years to life. CT 387–90.

The petitioner appealed his conviction and sentence to the California Court of Appeal, CT 391, which in an unpublished opinion filed September 18, 2003, modified the judgment by striking the enhancement under P.C. § 12022.5 (on which the trial court had stayed the sentence), and affirmed the judgment as modified. Motion to Dismiss ("Motion"), Exh. B; Lodgment nos. 2–4. On October 28, 2003, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied the petition on December 10, 2003. Motion, Exhs. C–D.

On November 1, 2004, petitioner, proceeding pro se, filed a habeas corpus petition in the Los Angeles County Superior Court,[2] which denied the petition on December 22, 2004. Motion, Exh. E at 125–26; Opposition, Exhs. B–E. On March 24, 2005, petitioner filed a petition for writ of error coram nobis in the Los Angeles Superior Court, which denied the petition on June 27, 2005. Opposition, Exhs. H–I.[3] On

**2.** Although the Superior Court did not file stamp the petition until November 29, 2004, petitioner has presented undisputed evidence his mother hand-delivered this petition to the van Nuys branch of the Los Angeles County Superior Court on November 1, 2004. Opposition, Exhs. B–C.

**3.** The petitioner has presented a declaration from his sister, Kim White, erroneously dated December 14, 2007, stating she personally delivered this petition to the Superior Court on March 24, 2005. Opposition, Exh. I. However, this petition is not listed on the

Superior Court's docket sheet, although the Superior Court on June 27, 2005, apparently denied a motion by petitioner filed on May 19, 2005, and a petition for a writ filed by petitioner on May 29, 2005, neither of which have been provided to this Court. Motion, Exh. E at 126–27. The petitioner claims that the motion filed May 19, 2005 was a request for hearing on his March 24, 2005 petition and the petition for a writ filed May 29, 2005 was a hand-drafted copy of his original petition for writ of error coram nobis filed March 24, 2005. Objections at 4–7. Since the Superior

September 12, 2005, petitioner filed a habeas corpus petition in the California Supreme Court,[4] which denied the petition on June 28, 2006, with citation to *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949), *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), and *In re Waltreus,* 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965). Motion, Exhs. F-G.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \* \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The California Supreme Court denied petitioner's request for review on December 10, 2003. Following the denial of review by the California Supreme Court, a state prisoner has the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after the California Supreme Court denies review. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe.* 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the AEDPA's statute of limitations began to run on March 10, 2004, and expired on March 9, 2005, one year from when his state court decision became final. *Ibid.* Here, the instant action was not filed until

Court's file "containing all post-conviction documents, and all documents filed [in petitioner's case] since December 2001, is now missing[,]" Reply at n. 1, the Court accepts petitioner's claims, and finds the Superior Court's June 27, 2005 denial of petitioner's documents filed May 19 and May 29, 2005 encompassed the denial of the petition for writ of error coram nobis filed March 24, 2005.

4. On August 11, 2005, petitioner initially submitted a habeas corpus petition to the California Supreme Court, Objections at 20; however, the Clerk of the Court did not file the petition because it was not submitted on the proper form, as required by former Rule 60 of the California Rules of Court. Opposition, Exh. L; *see* former Cal.Rules of Court, Rule 60(a)(1) (2005) ("A petition to a reviewing court for writ of habeas corpus—or other writ within its original jurisdiction—that seeks release from, or modification of the conditions of, custody of a person confined in a state or local penal institution, hospital, narcotics treatment facility, or other institution must be filed on Judicial Council form MC–275, Petition for Writ of Habeas Corpus."). Former Rule 60 was renumbered as Rule 8.380 effective January 1, 2007.

August 14, 2006 [5]—more than one year after the statute of limitations had run.

■ However, this Court must consider whether the statute of limitations was statutorily tolled while petitioner's applications for collateral relief were pending in the California courts. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold,* 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002). Here, petitioner filed his first state habeas corpus petition in the Los Angeles County Superior Court on November 1, 2004, and it was denied on December 22, 2004. At the time petitioner filed his petition in the Superior Court, he had "used" 236 days of his allotted 365 days and had 129 days left on the limitations period in which to file a federal habeas petition. *Nino,* 183 F.3d at 1006.

■ After the denial of his first habeas corpus petition, petitioner did not follow the usual course and seek habeas corpus relief in the California Court of Appeal.[6] Rather, on March 24, 2005, petitioner filed a petition for writ of error coram nobis in the Los Angeles County Superior Court, which was denied on June 27, 2005. In California, a petition for writ of error corami; nobis "is the equivalent of a motion to vacate judgment[,]" *People v. Shipman,* 62 Cal.2d 226, 228 n. 2, 42 Cal.Rptr. 1, 3 n. 2, 397 P.2d 993 (1965); thus, the Court treats this petition as an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2).[7] Each time a petitioner files a new petition for post-conviction relief at the same or lower level, the subsequent petition triggers an entirely separate period of review.[8]

---

5. This Court, pursuant to Fed. R. Civ, P. 201, takes judicial notice that on December 2, 2004, petitioner filed a prior habeas corpus petition in this district court, which was dismissed without prejudice on January 21, 2005, due to petitioner's failure to exhaust his state court remedies, *White v. Scribner.* CV 04–9798–DSF(RC) ("White I"). The filing of White I does not toll the statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003). Nor can the pending petition relate back to White I. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.2006) ("[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition.").

6. "Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly

the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court." *Biggs v. Duncan,* 339 F.3d 1045, 1046 (9th Cir.2003).

7. The respondent contends petitioner should not be entitled to statutory tolling for any period of time between March 24 and June 27, 2005, because the writ "did not raise new claims, or restate the claims in his past state habeas petition[.]" Reply at 5:1–13. The Court disagrees. Although somewhat artlessly stated, the petition raises claims of petitioner's actual innocence of his underlying conviction and ineffective assistance of counsel, and the new claim that petitioner was denied due process of law when the Superior Court denied his habeas corpus petition without a hearing. *See* Opposition, Exh. H at 5–6.

8. An exception to this rule exists when a California court dismisses a habeas corpus petition for failure to "allege with sufficient

*Delhomme v. Ramirez,* 340 F.3d 817, 820 (9th Cir.2003) (per curiam); *Biggs,* 339 F.3d at 1048. Thus, the statute of limitations was not statutorily tolled for the period between the Superior Court's denial of petitioner's habeas corpus petition on December 22, 2004, and the filing of the petition for writ of error coram nobis on March 24, 2005. *Ibid.* However, as discussed below, petitioner is entitled to equitable tolling for the time period between December 22, 2004, and March 4, 2005, when he received notice of the Superior Court's denial of his habeas corpus petition; thus, the limitations period ran for only 19 days between March 5 and March 23, 2005, leaving 110 days for petitioner to timely file his federal habeas corpus petition after the completion of his state court remedies.

After the Superior Court denied the petition for a writ of coram nobis on June 27, 2005, petitioner did not proceed to the California Court of Appeal, but instead, on September 12, 2005, filed a habeas corpus petition in the California Supreme Court. Motion, Exh. F. The respondent contends statutory tolling does not apply to the 76–day "gap" between June 27 and September 12, 2005.[9] The Court disagrees. In considering whether a petitioner is entitled to "gap" tolling for an interval between habeas corpus applications in state court, the Supreme Court has held:

> particularity the facts warranting habeas relief" and "subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition." *King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam); *Hemmerle v. Schriro,* 495 F.3d 1069, 1075 (9th Cir.2007). *These circumstances do not apply here.*

**9.** More precisely, the respondent contends this Court should not consider any post-conviction motions filed in the California courts other than habeas corpus petitions and, therefore, petitioner is not entitled to any tolling,

In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in [this] context, or (2) clear indication that a particular request for appellate review was timely or untimely, [the federal court] must itself examine the delay ... and determine what the state courts would have held in respect to timeliness.

*Evans v. Chavis,* 546 U.S. 189, 198, 126 S.Ct. 846, 852, 163 L.Ed.2d 684 (2006). That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.,* 126 S.Ct. at 852. Although eschewing a bright-line test, the Supreme Court held that, absent a clear indication to the contrary by the California Legislature or a California court, an unexplained and unjustified gap between filings of six months is unreasonable and J does not warrant "gap tolling." *Id.* at 201, 126 S.Ct. at 854; *see also Kirch v. Kramer,* 227 Fed.Appx. 572, 573 (9th Cir.2007) (Unpublished Disposition) ("The petitioner's delay of six months between the filing of his first and second state court petitions and nine months before the filing of his federal habeas petition are presumptively unreasonable pursuant to *Chavis* "), *cert. denied,* —— U.S. ——, 128 S.Ct. 299, 169

including "gap" tolling, between December 22, 2004, when the Superior Court denied petitioner's habeas corpus petition, and September 12, 2005. *See* Motion at 3:22–8:12; Reply at 4:23–5:15. However, in addition to the habeas corpus petitions, certain post-conviction motions may *statutorily* toll the limitations period. *See, e.g., Lewis v. Mitchell,* 173 F.Supp.2d 1057, 1060–61 (C.D.Cal.2001) (petitioner's motion to modify her sentence was a "properly filed application for State post-conviction or other collateral review."). Therefore, the Court considers "gap" tolling only for the 76–day period set forth above.

L.Ed.2d 213 (2007);[10] *Gaston v. Palmer,* 447 F.3d 1165, 1166–67 (9th cir.2006) (petitioner not entitled to "gap" tolling for unexplained delays of 10 months, 15 months and 18 months between filings), *cert. denied,* —— U.S. ——, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007).

 Here, petitioner initially submitted a habeas corpus petition to the California Supreme Court on August 11, 2005, Objections at 20; however, on August 22, 2005, the Clerk of the Court refused to file the petition because it was not submitted on the proper form, Opposition, Exh. L. Thereafter, petitioner resubmitted his petition to the California Supreme Court on the proper form, and it was filed effective September 12, 2005. Motion, Exh. F. These facts and circumstances show petitioner attempted to file his habeas corpus petition in the California Supreme Court within a reasonable time and, after the petition was rejected, petitioner promptly corrected the defect and resubmitted it within 21 days. "Moreover, the California Supreme Court, in denying petitioner's habeas corpus petition application, did not find the petition to be untimely, and there is no reason to believe the California Supreme Court would consider such a justified delay to be untimely." *Bui v. Hedgpeth,* 516 F.Supp.2d 1170, 1175–76 (C.D.Cal.2007); *Roeung v. Felker,* 484 F.Supp.2d 1081, 1085–86 (C.D.Cal.2007). Therefore, there was no unreasonable and unjustified delay by petitioner between the Superior Court's denial of his petition for writ of coram nobis and the filing of his habeas corpus petition in the California Supreme Court, and petitioner is entitled to "gap" tolling for the 76–day period. *Bui,* at 1175–76.

 Finally, a habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th cir.1999) (citation and internal quotation marks omitted); *Espinoza–Matthews v. People of the State of Cal.,* 432 F.3d 1021, 1026 (9th Cir.2005). To be entitled to equitable tolling, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *Mendoza v. Carey,* 449 F.3d 1065, 1068 (9th Cir.2006). Additionally, the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (citations and internal quotation marks omitted); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006), *cert, denied sub nom., Belleque v. Kephart,* —— U.S. ——, 127 S.Ct. 1880, 167 L.Ed.2d 386 (2007).

Here, in his recent declaration, petitioner establishes he did not receive notice of the Superior Court's ruling denying his habeas corpus petition until March 4, 2005.[11] *See* Objections at 13–15. Therefore, petitioner is entitled to equitable tolling for the period between December 22, 2004, when the Superior Court denied his habeas corpus petition and March 4, 2005, when he received notice of the denial. *See Miller v. Collins,* 305 F.3d 491, 495–96 (6th Cir.2002) (petitioner entitled to equitable

10. *See* Fed. R.App. P. 32.1(a); Ninth Circuit Rule 36–3(b).

11. Although petitioner again attempts to rely on a purported prison mail log indicating petitioner received a piece of mail from the Superior Court on March 4, 2005, he has still failed to properly authenticate this document. *See* Fed.R.Evid. 901–02. Therefore, the Court relies solely on petitioner's uncontradicted declaration and does not rely on the purported mail log in equitably tolling the statute of limitations.

tolling when he provided declaration under penalty of perjury stating facts showing he did not timely receive state appellate court decision and State did not dispute those facts); *Knight v. Schofield,* 292 F.3d 709, 711–12 (11th Cir.2002) (per curiam) (pro se petitioner entitled to equitable tolling of statute of limitations from date of Georgia Supreme Court's denial of application for post-conviction relief until date he received notice of denial 18 months later); *Woodward v. Williams,* 263 F.3d 1135, 1143 (10th Cir.2001) ("In particular, a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."), *cert. denied,* 535 U.S. 973, 122 S.Ct. 1442, 152 L.Ed.2d 385 (2002); *Lewis,* 173 F.Supp.2d at 1062 (petitioner entitled to equitable tolling from time California Supreme Court, denied her habeas petition until she was notified of denial five months later).

Since petitioner had 110 days from June 28, 2006, when the California Supreme Court denied his habeas corpus petition, or until October 16, 2006, to timely file his habeas corpus petition, and the pending petition was filed on August 14, 2006, it is timely.

### ORDER

1. The Report and Recommendation filed June 18, 2007, is vacated.

2. Respondent's motion to dismiss on untimeliness grounds is denied, and respondent **IS ORDERED** to file an answer to the pending habeas corpus petition addressing the merits of petitioner's claims no later than thirty (30) days from the date of this Order, and petitioner may have sixty (60) days to file his reply.